SAN ANTONIO & A. P. RY. CO. v. PEMBERTON. (No. 5897.)

(Court of Civil Appeals of Texas. Austin. March 20, 1918. Rehearing Denied May 15, 1918.)

1. TRIAL ⬤⟲350(5)—SPECIAL ISSUES—PLEADING.

In an action against a railroad for injury to land caused by overflow, allegations that railroad, having raised its roadway, failed to construct sufficient culverts or sluiceways to drain the water, *held* sufficient to authorize submission of special issue as to whether maintenance of roadbed caused damage.

2. WATERS AND WATER COURSES ⬤⟲178(2)—OVERFLOW—DAMAGES.

In an action for injury to land caused by overflow, the measure of damages is the difference between market value of land immediately before the overflow and its market value immediately thereafter.

3. TRIAL ⬤⟲351(5) — REQUESTED ISSUES — COVERED BY THOSE SUBMITTED.

Court's refusal to submit requested special issue is not error, where the question involved was covered by other issues submitted.

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Action by Noah Pemberton against the San Antonio & Aransas Pass Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Boyle, Ezell, Houston & Grover, of San Antonio, and Neff & Taylor, of Waco, for appellant. Alva Bryan, Edgar & Chas. Witt and G. W. Barcus, all of Waco, for appellee.

JENKINS, J. Appellee sued for damages to his crops for the years 1913, 1914, and 1915, and for permanent injury to his land occasioned by overflows alleged to have been caused by the negligence of appellant. He alleged, as grounds of negligence, the raising of appellant's roadway; the filling up of an opening in its roadbed; and the failure to construct sufficient culverts or sluiceways as the nature of the land required to properly drain the same; and the construction of a dump parallel with its roadbed.

The evidence showed that the parallel dump was constructed by the county for a public road on land over which appellant had no control, and that the raising of ap-

pellant's roadbed would not have damaged appellee's land or crops had sufficient openings been left in same. So the failure to construct and maintain such openings is the only issue of negligence involved herein.

Appellant's first assignment of error is as follows:

"The court erred in entering judgment for $150, as found by the jury in answer to special issues Nos. 10 and 11, because the pleadings of the plaintiff do not authorize the recovery on account of the maintenance of the defendant's roadbed at the place in question, as submitted by the court in said issue No. 10, and consequently a judgment has been entered against the defendant by the court, upon the issue of negligence not raised by plaintiff's pleadings, and unsupported by any evidence in the record."

Assignments of error Nos. 2, 3, and 4 are substantially the same as No. 1, except that they relate to other items of damage found by the jury.

[1] We do not agree with appellant's contentions under these assignments. As indicated by the foregoing assignment, the case was submitted on special issues. The point stressed by appellant is that the finding of the jury that the damage was occasioned by reason of the "maintenance" of appellant's roadbed is not a finding that such roadbed was improperly constructed. When the entire charge and findings of the jury are looked to, we do not think this contention can be sustained. Special issue No. 10 was as follows:

"Was plaintiff's crop of corn in April, 1914, or any part thereof, destroyed by water as the proximate result of the maintenance of defendant's roadbed at the place in question?"

—to which the jury answered, "Yes," and in response to special issue No. 11 fixed the amount of such damage at $150. In a previous part of the charge the court correctly defined "proximate cause." In response to a previous issue, the jury found that appellant did not so construct its roadbed as to provide sufficient openings, culverts, or sluices, as the natural lay of the land required, for the necessary drainage thereof. Issue No. 5 reads as follows:

"Did plaintiff sustain any damage, as alleged by him. as the proximate result of the condition of defendant's roadbed at the point in question, on or about the different times alleged in plaintiff's petition?"

—to which the jury answered, "Yes."

Appellee alleged that his land was overflowed for the reason, among others, that appellant had not left sufficient openings or sluiceways as required by the natural lay of the land to carry off the water in times of excessive rains. If one were disposed to be hypercritical, he might say that it was not the improper construction of the roadbed which caused the damage, but the maintenance thereof in such condition until it rained enough to cause an overflow. We do not think there was error in the manner of submitting this issue, especially in view

of the fact that the court in paragraph No. 3 of its charge instructed the jury, in effect, that maintenance included construction. The paragraph referred to reads as follows:

"You are charged that the defendant railway company was required, at the time in question, in the maintenance of its roadbed at the point in question, to construct and maintain all necessary openings, culverts, or sluices as the natural lay of the land required for the necessary drainage thereof."

[2] The fifth assignment is, in substance, that the court erred in entering judgment for the amount found by the jury as permanent injury to the land, for the reason that the court instructed the jury that plaintiff's measure of damage was the difference in the market value of the land immediately before the commission of the acts complained of, and the market value of same immediately after the overflows.

The court did not err in entering judgment as to this item of damage, if it was properly submitted to the jury, and there was evidence to sustain the finding thereon. The appellant did not except to this issue as submitted; the assignment does not state that the court erred in submitting this issue in the manner that it did, nor does is allege that there was not sufficient evidence to sustain the finding of the jury.

[3] Appellant also assigns error upon the refusal of the court to submit special issue No. 3, as requested by it. While it would not have been error for the court to have submitted this issue, we think that it was covered by the issues submitted, at least to the extent that the refusal to submit the requested issue does not constitute reversible error.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.